IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 23-cv-1076**

ROCKY MOUNTAIN GUN OWNERS, and
ALICIA GARCIA,

    Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado

    Defendant.

---

## COMPLAINT
---

Plaintiffs Rocky Mountain Gun Owners ("RMGO") and Alicia Garcia ("Garcia") submit the following Complaint.

### I.  INTRODUCTION

This action is a challenge to the constitutionality of House Bill 23-1219 enacted by the Colorado General Assembly and signed by Governor Polis on April 28, 2023 ("HB23-1219"). HB23-1219 will become effective on August 4, 2023. HB23-12119 makes it unlawful for any person who sells a firearm to deliver the firearm to the purchaser until a minimum of three days after the seller has initiated a background check, even if a clean background check comes back immediately. As such, it is blatantly unconstitutional under the Second Amendment to the United States

1

Constitution as made applicable to the states by the Fourteenth Amendment. A copy of HB23-1219 in its final form is attached as Exhibit A.

## II.  PARTIES

1.    Plaintiff RMGO is a nonprofit organization. RMGO seeks to defend the right of all law-abiding individuals to keep and bear arms. RMGO has members who reside in Colorado who desire to exercise their Second Amendment right to purchase a firearm without having their right burdened by arbitrary, unnecessary, burdensome and useless delays.  RMGO represents the interests of these members.  Specifically, RMGO represents the interests of those who are affected by HB23-1219's unconstitutional burden on the Second Amendment rights of law-abiding citizen who purchase firearms. It is these members' present intention and desire to lawfully purchase firearms for lawful purposes, including self-defense in their home, and they desire to do so without arbitrary, unnecessary, burdensome and useless delays. These members are precluded from purchasing a firearm without arbitrary, unnecessary, burdensome and useless delays by HB23-1219.

2.    Plaintiff Garica is an adult law-abiding citizen of Colorado and the United States. She is affected by HB23-1219's unconstitutional burden on the Second Amended rights of law-abiding citizens who purchase firearms. She has a present intention and desire to lawfully purchase a firearm for lawful purposes, including self-defense in her home, and she desires to do so without arbitrary, unnecessary, burdensome and useless delays. She is precluded from purchasing a firearm without arbitrary, unnecessary, burdensome and useless delays by HB23-1219.

3. Defendant Jared S. Polis is the Governor of the State of Colorado. This action is brought against him in his official capacity.

4. Defendant is or will enforce the unconstitutional provisions of the law against Plaintiffs under color of state law within the meaning of 42 U.S.C. § 1983.

### III.  JURISDICTION AND VENUE

5. The Court has original jurisdiction of this civil action under 28 U.S.C. § 1331, because the action arises under the Constitution and laws of the United States. The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 since this action seeks to redress the deprivation, under color of the laws, ordinances, regulations, customs and usages of the State, of rights, privileges or immunities secured by the United States.

6. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, respectively, and their claim for attorneys' fees is authorized by 42 U.S.C. § 1988.

7. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

### IV.  GENERAL ALLEGATIONS

8. The Second Amendment to the United States Constitution declares that "the right of the people to keep and bear arms shall not be infringed." U.S. CONST. amend. II; *see also D.C. v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010); and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

9. The right to keep and bear arms recognized in the Second Amendment is made applicable to the states by the Fourteenth Amendment. *McDonald, supra*.

10. HB23-1219 states in relevant part:

It is unlawful for any person who sells a firearm, including a licensed gun dealer as defined in section 18-12-506 (6), to deliver the firearm to the purchaser until the later in time occurs: (i) three days after a licensed gun dealer has initiated a background check of the purchaser that is required pursuant to state or federal law; or (ii) the seller has obtained approval for the firearm transfer from the bureau after it has completed any background check required by state or federal law.

11. In *Bruen*, the Court held: "We reiterate that the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id*., 142 S. Ct. at 2129-30.

12. Plaintiffs desire to purchase firearms for lawful purposes (including defense of their homes). HB23-1219 prohibits or soon will prohibit Plaintiffs from doing so without being subjected to an arbitrary, unnecessary, burdensome and useless delay. The right to keep arms necessarily implies the right to acquire arms. Therefore, because the Second Amendment's plain text covers Plaintiffs' conduct – i.e., acquiring bearable arms – "the Constitution *presumptively* protects that conduct." *Id*., 142 S. Ct. at 2126 (emphasis added). Plaintiffs have met their burden under *Bruen*, and HB23-1219 is presumptively unconstitutional.

13.     Since the Second Amendment presumptively protects Plaintiffs' conduct, the State must justify HB23-1219 by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. But it is impossible for the State to meet this burden because there is no such historical tradition of firearms regulation in this Nation. See Complete Colorado, *Kopel: Colorado bill forcing delay of firearms acquisition on shaky constitutional ground*, available at:

https://pagetwo.completecolorado.com/2023/03/01/kopel-colorado-bill-forcing-delay-of-firearms-acquisition-on-shaky-constitutional-ground/ (March 1, 2023). This article sets forth the written testimony of Law Professor David B. Kopel (whose work was cited favorably in *Bruen*) on HB23-1219, which was submitted to the Colorado House of Representatives State, Civic, Military & Veterans Affairs Committee. Professor Kopel's exhaustive historical research led him to conclude that there is no historical tradition supporting firearm purchase waiting periods.

14.     In summary, the plain text of the Second Amendment covers Plaintiffs' conduct. Therefore, HB23-1219 is presumptively unconstitutional. The State is unable to rebut this presumption because the law is not consistent with Nation's historical tradition of firearm regulation. Therefore, HB23-1219 is unconstitutional.

## V. FIRST CLAIM FOR RELIEF
### Right to Keep and Bear Arms
### U.S. Const., amends. II and XIV

15.     Paragraphs 1-14 are realleged and incorporated by reference.

16. HB23-1219 burdens the right of residents of the State, including Plaintiffs, in exercising their right to acquire arms protected by the Second Amendment. There are significant penalties for violations of the law.

17. These restrictions infringe on the right of the people of the State, including Plaintiffs, to keep and bear arms as guaranteed by the Second Amendment and made applicable to Colorado and its political subdivisions by the Fourteenth Amendment.

18. HB23-1219's prohibitions arbitrarily delay the right of law-abiding citizens to purchase arms even if they immediately pass all required background checks and even if they desire to purchase an arm for the purpose of self-defense in the home, where Second Amendment protections are at their zenith.

19. The State cannot meet its burden of justifying these restrictions on the Second Amendment right of the People by demonstrating that they are consistent with this Nation's historical tradition of firearm regulation.

## VI.  PRAYER FOR RELIEF

Plaintiffs pray that the Court:

20. Enter a declaratory judgment pursuant to 28 U.S.C. § 2201 that HB23-1219 is unconstitutional on its and face or as applied;

21. Enter preliminary and permanent injunctive relief enjoining Defendant and his officers, agents, and employees from enforcing HB23-1219;

22. Award remedies available under 42 U.S.C. § 1983 and all reasonable attorneys' fees, costs, and expenses under 42 U.S.C. § 1988, or any other applicable law;

23.     Award actual or nominal damages to the individual Plaintiff (RMGO does not seek damages); and

24.     Grant any such other and further relief as the Court may deem proper.

Respectfully submitted this 28th day of April 2023.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge, Colorado 80033
(303) 205-7870
Email:  barry@arringtonpc.com