IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 23-cv-1076**

ROCKY MOUNTAIN GUN OWNERS, and
ALICIA GARCIA,

      Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado

      Defendant.

---

**MOTION FOR PRELIMINARY INJUNCTION**

---

Plaintiffs submit the following Motion for Preliminary Injunction.

## I. INTRODUCTION

This action is a challenge to the constitutionality of House Bill 23-1219 enacted by the Colorado General Assembly and signed by Governor Polis on April 28, 2023 ("HB23-1219"). HB23-12119 makes it unlawful for any person who sells a firearm to deliver the firearm to the purchaser until a minimum of three days after the seller has initiated a background check, even if a clean background check comes back immediately. As such, it is unconstitutional under the Second Amendment

## II. NOTE REGARDING TIMING OF MOTION

SB23-169 will become effective on October 1, 2023. Plaintiffs have not sought immediate relief through a temporary restraining order because the law is not currently effective. Plaintiffs submit this motion hoping that it will be briefed and

1

argued prior to the effective date of the law. However, they reserve the right to apply to the Court for a TRO if the matter remains pending in late September.

### III. FACTS

1.  Plaintiff RMGO is a nonprofit organization. Declaration of Dudley Brown, ¶ 3. RMGO seeks to defend the right of all law-abiding individuals to keep and bear arms. *Id*. RMGO has members who reside in Colorado who desire to exercise their Second Amendment right to purchase a firearm without having their right burdened by arbitrary, unnecessary, burdensome and useless delays. *Id*. RMGO represents the interests of these members. *Id*. Specifically, RMGO represents the interests of those who are affected by HB23-1219's unconstitutional burden on the Second Amendment rights of law-abiding citizen who purchase firearms. *Id*. It is these members' present intention and desire to lawfully purchase firearms for lawful purposes, including self-defense in their home, and they desire to do so without arbitrary, unnecessary, burdensome and useless delays. *Id*. ¶ 4. These members are precluded from purchasing a firearm without arbitrary, unnecessary, burdensome and useless delays by HB23-1219. *Id*.

2.  Plaintiff Garica is an adult law-abiding citizen of Colorado and the United States. Declaration of Alicia Garcia, ¶ 2. She is affected by HB23-1219's unconstitutional burden on the Second Amendment rights of law-abiding citizens who purchase firearms. *Id*. She has a present intention and desire to lawfully purchase a firearm for lawful purposes, including self-defense in her home, and she desires to do so without arbitrary, unnecessary, burdensome and useless delays. *Id*.

She is precluded from purchasing a firearm without arbitrary, unnecessary, burdensome and useless delays by HB23-1219. *Id.*

3. Defendant Jared S. Polis is the Governor of the State of Colorado. This action is brought against him in his official capacity. Defendant is enforcing or will enforce the unconstitutional provisions of the law against Plaintiffs under color of state law within the meaning of 42 U.S.C. § 1983.

4. HB23-1219 states in relevant part:

> It is unlawful for any person who sells a firearm, including a licensed gun dealer as defined in section 18-12-506 (6), to deliver the firearm to the purchaser until the later in time occurs: (i) three days after a licensed gun dealer has initiated a background check of the purchaser that is required pursuant to state or federal law; or (ii) the seller has obtained approval for the firearm transfer from the bureau after it has completed any background check required by state or federal law.

## IV. STANDARD FOR OBTAINING RELIEF

To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest. *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

In a constitutional case, the likelihood of success on the merits will often be the determinative factor. *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1145 (10th Cir. 2013), *aff'd sub nom. Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682 (2014). This is because: (a) the loss of constitutional freedoms, for even minimal periods of

3

time, unquestionably constitutes irreparable injury; (b) when a law is likely unconstitutional, the government's interests do not outweigh a plaintiff's interests in having his constitutional rights protected; and (c) it is always in the public interest to prevent violation of a person's constitutional rights. *Id.* Indeed, in constitutional cases whether to grant the injunction often turns on likelihood of success on the merits only, usually making it unnecessary to dwell on the remaining factors. *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc) (per curiam).

## V. ARGUMENT

### A. Plaintiffs Are Likely to Succeed on the Merits

The Second Amendment to the United States Constitution declares that "the right of the people to keep and bear arms shall not be infringed." U.S. CONST. amend. II; *see also D.C. v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010); and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). The right to keep and bear arms recognized in the Second Amendment is made applicable to the states by the Fourteenth Amendment. *McDonald, supra.*

In *Bruen*, the Court held: "We reiterate that the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent

4

with the Nation's historical tradition of firearm regulation." *Id.*, 142 S. Ct. at 2129-30.

Plaintiffs desire to purchase firearms for lawful purposes (including defense of their homes). HB23-1219 prohibits or soon will prohibit Plaintiffs from doing so without being subjected to an arbitrary, unnecessary, burdensome and useless delay. The right to keep arms necessarily implies the right to acquire arms. Therefore, because the Second Amendment's plain text covers Plaintiffs' conduct – i.e., acquiring bearable arms – "the Constitution *presumptively* protects that conduct." *Id.*, 142 S. Ct. at 2126 (emphasis added). Plaintiffs have met their burden under *Bruen*, and HB23-1219 is presumptively unconstitutional.

The State may attempt to rebut the presumption of unconstitutionality by demonstrating that HB23-1219 is consistent with the Nation's historical tradition of firearm regulation. But it is impossible for the State to meet this burden. *See* David B. Kopel, Complete Colorado, *Kopel: Colorado bill forcing delay of firearms acquisition on shaky constitutional ground* (available at https://bit.ly/43bEKvD, last visited June 2, 2023). Professor Kopel (whose work was cited favorably in *Bruen*) performed exhaustive historical research, which led him to conclude that there is no historical tradition supporting firearm purchase waiting periods.

Specifically, Professor Kopel found that there were no waiting periods to acquire firearms or other arms anywhere in the United States before 1900. *Id.*, § B. The first waiting period law was enacted in California in 1923, a one-day wait for handgun sales. *Id.*, *citing* §§ 10–11, 1923 Cal. Stat. at 701. A minority of other states enacted

handgun waiting period laws in the 1920s and 1930s. *Id*. Under *Bruen*, laws from the 1920s are far too late to offer any insight on the original public meaning of the Second Amendment. *Bruen,* 142 S. Ct. 2154, n. 28 ("As with their late-19th-century evidence, the 20th-century evidence presented by respondents and their *amici* does not provide insight into the meaning of the Second Amendment when it contradicts earlier evidence.").

In summary, Plaintiffs have met their burden under *Bruen's* "plain text" step. The plain text of the Second Amendment cover's their conduct (i.e., acquiring arms for lawful purposes). HB23-1219 burden's Plaintiff's rights under the plain text and is therefore presumptively unconstitutional. The State cannot carry its burden under *Bruen's* "history and tradition" step, because there is no 18th-century (or even 19th-century) history or tradition of forcing people to wait to exercise their right to acquire arms. Accordingly, the State has not rebutted the presumption of unconstitutionality.

### B.     The Other Preliminary Injunction Factors Favor Plaintiffs

In constitutional cases whether to grant the injunction often turns on likelihood of success on the merits only, usually making it unnecessary to dwell on the remaining factors. *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc) (per curiam). Since, as demonstrated above, Plaintiffs are likely to prevail on the merits, the Court could end its inquiry here.

Even if the Court were to consider the other three factors, however, the result would be the same, because all of the factors favor Plaintiffs. It is well-settled that a showing of the infringement of a constitutional right requires no further showing of irreparable injury. *Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916

F.3d 792, 805 (10th Cir. 2019). In *Ezell v. City of Chicago*, 651 F.3d 684 (7th Cir. 2011), the court held that this principle applies in cases involving the infringement of Second Amendment rights. *Id.*, at 699 ("Infringements of [Second Amendment] right cannot be compensated by damages."). *See also Koons v. Platkin*, 2023 WL 3478604, at *105 (D.N.J. May 16, 2023) (many decisions find that deprivation of Second Amendment rights is not easily remediable by monetary damages); *Spencer v. Nigrelli*, 2022 WL 17985966, at *13 (W.D.N.Y. Dec. 29, 2022) (citing *Ezell*, infringement of Second Amendment rights cannot be compensated with damages); *Hardaway v. Nigrelli*, 2022 WL 16646220, at *17 (W.D.N.Y. Nov. 3, 2022); and *Antonyuk v. Bruen*, 2022 WL 3999791, at *36 (N.D.N.Y. Aug. 31, 2022).

As for the balance of harms and public interest prongs, the State's interest in enforcing an unconstitutional law does not outweigh Plaintiffs' interest in having their constitutional rights protected. *Awad v. Ziriax*, 670 F.3d 1111, 1131 (10th Cir. 2012). Moreover, it is always in the public interest to prevent the violation of a party's constitutional rights. *Id.* (internal citation and quotation marks omitted).

Finally, this is not a case in which Plaintiffs must overcome a heightened standard to obtain a preliminary injunction. "Because the proposed injunction's effect on the status quo drives the standard, we must ascertain the status quo – that is, the last actual, peaceable uncontested status which preceded the pending controversy." *N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) (internal citation and quotation marks omitted). The law has not gone into effect. Therefore, the current status quo is that Plaintiffs may

7

exercise their Second Amendment rights. It is the State that seeks to disrupt the status quo, not Plaintiffs.

## VI. CONCLUSION

For the foregoing reasons, plaintiffs respectfully request the Court to enter an order preliminary enjoining enforcement of HB23-1219.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge, Colorado 80033
Voice:  (303) 205-7870
Email:  barry@arringtonpc.com

CERTIFICATE OF NOTICE TO THE OFFICE OF THE ATTORNEY GENERAL

The summons and complaint in this matter were served on the Attorney General on June 5, 2023. Undersigned counsel has been in contact with Assistant Solicitor General Grant Sullivan, who has indicated that he will be attorney handling this matter. On June 7, 2023, the undersigned email a copy of this motion to Mr. Sullivan at:

Grant.Sullivan@coag.gov

*/s/ Barry K. Arrington*
_____
Barry K. Arrington